841 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel ENGLE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondents.
 No. 87-3325.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1988.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner, Daniel Engle, appeals from a denial of disability benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 (the Act). An administrative law judge (ALJ) determined on September 19, 1984, that Engle had failed to prove he was totally disabled due to pneumoconiosis. On February 11, 1987, the Benefits Review Board (the Board) affirmed the denial of benefits.
 
 
 2
 On appeal, petitioner argues that he should have been credited with fifteen years of coal mine employment rather than eleven. Petitioner further argues that he is totally disabled. Upon a review of the record, we conclude that substantial evidence supports the ALJ's finding that petitioner is not totally disabled. Having reached this conclusion, we further conclude that it is irrelevant whether or not Engle was credited with fifteen years coal mine employment. Accordingly, we affirm the Board's decision.
 
 I.
 The Duration of Coal Mine Employment Issue
 
 3
 Engle raises this issue in order to avail himself of the presumption of total disability found in 30 U.S.C. Sec. 921(c)(4). This section in relevant part reads as follows:
 
 
 4
 If a miner was employed for fifteen years or more in one or more underground coal mines, and if there is a chest roentgenogram submitted in connection with such miner's, his widow's, his child's, his parent's, his brother's, his sister's, or his dependent's claim under this subchapter and it is interpreted as negative with respect to the requirements of paragraph (3) of this subsection, and if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis, that his death was due to pneumoconiosis, or that at the time of his death he was totally disabled by pneumoconiosis.
 
 
 5
 It is clear from a reading of this section that, in order to invoke the presumption, there must not only be proof of fifteen years of coal mine employment, but also a "totally disabling respiratory or pulmonary impairment." Therefore, since Engle could not prove such a total disablement, he was not entitled to the presumption, regardless of his length of coal mine employment. As is made clear in the regulations[1] which implement section 921(c)(4), this presumption gets the miner over the hurdle of specifically proving pneumoconiosis. Pneumoconiosis was never an issue in this case, however, as the Director concedes the existence of pneumoconiosis and that the disease arose out of Engle's coal mine employment.
 
 II.
 The "Totally Disabled" Issue
 
 6
 Since this claim was filed after March 31, 1980, entitlement to benefits is determined under the 20 C.F.R. Part 718 regulations.[2] In order to establish entitlement to black lung disability benefits under the Part 718 regulations, a claimant must prove three facts: that he suffers from pneumoconiosis, that the pneumoconiosis arose out of his coal mine employment, and that he is totally disabled by pneumoconiosis. See Strike v. Director, Office of Workers' Compensation Programs, 817 F.2d 395, 399 (7th Cir.1987). The miner must prove each element by a preponderance of the evidence except to the extent he is aided by a presumption. See 20 C.F.R. Sec. 718.403. This burden of proof is identical to that adopted by this and other courts in cases adjudicated under 20 C.F.R. Part 410, see, e.g., Miniard v. Califano, 618 F.2d 405 (6th Cir.1980), but differs greatly from the proof scheme created by 20 C.F.R. Sec. 727.203 where the miner could invoke a presumption of total disability due to coal mine related pneumoconiosis based on one kind of medical evidence and shift the burden of proof to the operator or Director to rebut the presumption.
 
 
 7
 Since the Director did not contest that Engle suffered from pneumoconiosis arising from coal mine employment, the only real issue before the ALJ was whether or not Engle was totally disabled.[3] 20 C.F.R. Sec. 718.204(c) sets forth the criteria for establishing a miner's total disability. The section provides that disability may be established through (1) pulmonary function tests; (2) arterial blood-gas tests; (3) a showing that the miner is suffering from cor pulmonale with right-sided congestive heart failure; or (4) if a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents the miner from his usual coal mine work or engaging in gainful employment in the immediate area of his residence requiring comparable skills.
 
 
 8
 Engle concedes that he does not meet the requirements of tests one through three listed above, but argues that he does have a physician's opinion that he is disabled. The only reports in the record of an examining physician are those of Dr. Glen Baker. Dr. Baker completed a medical report on October 30, 1980, which was based on an x-ray, physical examination, work history, pulmonary function study, and a blood-gas study. Based on his tests, examination, and the petitioner's history, Dr. Baker diagnosed ischemic heart disease with congestive heart failure and angina pectoris, chronic bronchitis, and occupational pneumoconiosis. There is clearly nothing to be found in Dr. Baker's October 30, 1980, report which would justify a finding of total disability. However, on September 11, 1984, Dr. Baker supplemented his original report with a letter written to claimant's attorney which stated:
 
 
 9
 On the basis of his symptomatology and abnormal chest x-ray, with the presence of pneumoconiosis, I feel that Mr. Engle is occupationally disabled for any employment in the coal mining industry or comparable employment where he may have exposure to dust of various natures.
 
 
 10
 The ALJ rejected Dr. Baker's disability conclusion and we agree. Specifically, the ALJ noted that Dr. Baker relied upon medically unsupported symptomatology, did not address the objective studies, and relied primarily on an abnormal x-ray for his total disability finding. The ALJ discredited Dr. Baker's finding in part because the objective studies, which produced values above the total disability standards, were ignored and not reconciled with his finding of total disability.
 
 
 11
 The ALJ also noted that Dr. Baker relied heavily on the existence of an abnormal x-ray in finding that petitioner was disabled. However, chest x-rays, while useful in determining the presence or absence of pneumoconiosis, are not diagnostic of the degree of respiratory impairment or disability. Therefore, the ALJ properly questioned the reliability of Dr. Baker's total disability finding when the physician stated his finding was based to a large degree on a positive x-ray. As there is no other medical evidence in the record which establishes that petitioner is totally disabled, petitioner has failed to meet the requirements for entitlement to benefits.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 See 20 C.F.R. Sec. 718.305
 
 
 [2]
 20 C.F.R. Sec. 718.2 reads in pertinent part: "This part is applicable to the adjudication of all claims filed after March 31, 1980...."
 
 
 [3]
 20 C.F.R. Sec. 718.204(a) states that "[b]enefits are provided under the Act for or on behalf of miners who are totally disabled due to pneumoconiosis...."